The opinion of the Court was delivered by
Glover, J.
The defendant having been arrested on writs of capias ad satisfaciendum, at the suits of sundry judgment creditors, applied for the benefit of the Insolvent Debtors’ Act. This application was resisted, and on filing suggestions by the creditors, several issues were presented. In all the cases on which be had been arrested, except one, the causes of action were debts due by the mercantile firm of George & Rice, of which the defendant was a partner, and the judgments were recovered against the firm. On the dissolution of the copartnership the defendant released Rice from all liabilities, demands and obligations of the notes given for goods bought, for the firm of George & Rice, in consideration whereof, Rice released all his claims upon the remaining stock of goods on hand, together with the books, notes and *160 accounts. On the trial of the issues made by the suggestions, Bice’s evidence, taken by commission, was offered by the creditors, and an objection to its admission was sustained on the ground, that Bice was interested in the result of the issues and was, therefore, an incompetent witness; and the correctness of this ruling is the only point made by the appeal upon which this Court entertains any doubt.
We recognize the familiar rules referred to In the argument that the interest must be direct and not remote — that it must be limited to the result of the suit and not a mere interest in the question, &c. We know too, that there is a strong public opinion opposed to the exclusion of a witness on account of his interest in the event of the action, which regards the rule unsound in theory, and inconsistent in practice ; and this Court has, as far as it may be judicially done, relaxed the strict rule of exclusion; but its abrogation must depend on legislative action. We conform to an established principle in ascertaining a witness’s competency when it is tested by the inquiry, whether the proceedings would be the instrument of securing to him some advantage, or repelling some charge or claim upon him in some future proceeding; or whether there will be a certain benefit or disadvantage to the witness attending the consequence of the cause one way. (1 Gilb. Ev. 225,) As a partner Bice is jointly liable with George to all the partnership creditors — some of whom are parties to these proceedings — and as a co-defendant he is liable on the judgments. If, however, George have the means, or can be compelled, to pay all the debts of the firm, his covenant"with Bice releases the latter from all liability. He is interested then to increase the amount of property which the defendant may return in his schedule, if it shall be insufficient to pay all the creditors ; as from that source payment must be made and his liability discharged. Should this fail, his last hope is the defendant’s conviction for fraud : the consequence of which would be either perpetual im *161 prisonment, or the satisfaction of the debts, and to avoid the former, more than ordinary exertions would be employed to accomplish the latter. Another result following the defendant’s conviction would be a breach of the condition of his bond for the prison rules; and, in that event, his bail would become additional sureties for the payment of the partnership debts. A'gain, should Eice be compelled to pay these debts, he could recover damages to that extent against the defendant for a breach of his covenant to indemnify him against them; but it would be a barren recovery unless the defendant be convicted on some of these issues, and Eice be thereby enabled, when George is taken in execution, to use the record of his conviction, in this case, in terrorem, and compel him to choose.between the alternatives of unlimited imprisonment and payment.
In these proceedings Eice has a two-fold interest. 1. To increase a fund by which his own liability would be discharged. 2. To convict the defendant of the acts of fraud alleged and thereby coerce the payment of the partnership debts under the penalty of perpetual imprisonment. In either result he was directly interested; and, as a witness, was incompetent. This Court has 'decided that a judgment credit r of a petitioner for the Prison Bounds Act, is an incompetent witness in behalf of the actors in the suggestion of fraud; (Clerry vs. Spears, 2 Speer’s R. 686,) and in answer to the objection that the interest is. too remote and minute, the Court replied, “ that a creditor will pursue all means for the recovery of his judgment, is not liable to the objection of being a remote contingency; nor the interest which he has in the use of the process against the person of his debtor as a means of coercing satisfaction, too minute to be recognized by the law.” The interest of Eice is not more remote or minute than that of a judgment creditor who is no party to an issue of fraud under the Prison Bounds Act, and who can have no other interest in the record than its use, on the *162 debtor’s conviction, to prevent his discharge when he shall afterwards take his body in execution.
Another ground relied upon, is that the description of a lot • of land mentioned in the schedule is too indefinite. The description is vague and does no.t identify the 'property; but of itself it is not a valid objection to the prisoner’s discharge, unless he shall refuse to amend his schedule and give more certainty to the description, when ordered to do so.
The other grounds complain of the conclusions of the jury on questions of fact submitted to them with proper instructions, and no sufficient reason appears to disturb their verdict.
Motion dismissed.
O’Neall, Wardlaw, and Munro, JJ., concurred.

Motion dismissed.